IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01230-GPG

JEREMY D. HOWARD,

    Applicant,

v.

DOUG DIEDRICH, and
CYNTHIA COFFMAN, The Attorney General of the State of Colorado,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant Jeremy D. Howard is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Skyline Correctional Facility in Cañon City, Colorado. Applicant initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 with this Court on June 11, 2015. Pursuant to the Court's June 12, 2015 Order to Amend, Applicant filed an Amended Application that raises three claims challenging the validity of his conviction in Denver County District Court Case No. 09CR4585. Applicant asserts (1) coercion and intimidation by the prosecution and ineffective assistance of counsel; (2) withholding of good time credits and denial of out-of-state mandatory parole; and (3) an illegal conviction based on fabrication of records, false statements and a denial of a jury trial.

    On June 25, 2015, Magistrate Judge Gordon P. Gallagher directed Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C.

§ 2254(b)(1)(A).  Respondents submitted a Response on July 8, 2015, and Applicant filed a Reply on July 13, 2015.

The Court must construe liberally the Application and Reply because Applicant is not represented by an attorney.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court does not "assume the role of advocate for the pro se litigant."  See Hall, 935 F.2d at 1110.

Respondents assert Claim Two is more properly asserted in a 28 U.S.C. § 2241 action and Claims One and Three are untimely and subject to dismissal pursuant to 28 U.S.C. § 2244(d).  The Court will discuss the relevant issues as follows.

First, the Court agrees with Respondents regarding Claim Two.  Applicant is challenging the withholding of good time credits and denial of out-of-state parole.  This claim addresses the execution of Applicant's sentence and not the validity of his conviction or sentence.  A habeas corpus action filed pursuant to § 2254 is a collateral attack on the validity of a conviction and sentence.  See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000).  The execution of a sentence must be asserted pursuant to 28 U.S.C. § 2241.  See id.  This Court, therefore, will not address Applicant's good time credit claims in this § 2254 action.  If Applicant desires to challenge the withholding of good time credits and denial of an out-of-state parole he must do so by filing a separate § 2241 action.  Claim Two will be dismissed without prejudice.

Claims One and Three, however, do challenge the validity of Applicant's conviction and will be addressed as follows in this action pursuant to 28 U.S.C. § 2254. Nonetheless, the claims will be dismissed for the following reasons.

> Defendant pleaded guilty to second degree assault with a deadly weapon, a class four felony, and a crime of violence sentence enhancer, in exchange for a sentencing cap of eight years in the

> custody of the Department of Corrections (DOC). The court
> sentenced defendant to eight years in the DOC, and later denied his
> motion for reconsideration of the sentence.
>
> Defendant then filed a Crim. P. 35(c) motion and another motion
> entitled "Motion to Dismiss." The court denied both motions by written
> order.

*People v. Howard*, No. 11CA2050, 1 (Colo. App. Mar. 14, 2013). The Colorado Court

Appeals (CCA) affirmed the denial of the Rule 35(c) postconviction motion and of the

motion to dismiss; *id.* at 6, and the Colorado Supreme Court (CSC) denied certiorari

review on August 18, 2014, *Howard v. People*, No. 2013SC989 (Colo. Aug. 18, 2014).

Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the
>> conclusion of direct review or the expiration of the time for
>> seeking such review;
>>
>> (B) the date on which the impediment to filing an application
>> created by State action in violation of the Constitution or
>> laws of the United States is removed, if the applicant was
>> prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was
>> initially recognized by the Supreme Court, if the right has
>> been newly recognized by the Supreme Court and made
>> retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or
>> claims presented could have been discovered through the
>> exercise of due diligence.
>
> (2) The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted toward any period of
> limitation under this subsection.

28 U.S.C. § 2244(d).

Because Applicant did not file a direct appeal, Am. Application, ECF No. 8, at 2-3; *see also* Pre-Answer Resp., ECF No. 13-1, Ex. A at 5 (no entry on state court registry for 2009CR4585 showing direct appeal filed), the conviction and sentence were final on February 22, 2010, when the time ran for appealing the conviction and sentence entered on January 8, 2010.  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999); Colo. App. R. 4(b) (Pursuant to the rule in effect at the time Applicant was sentenced, he had forty-five days to file a notice of appeal after he was sentenced.)

The Court next must determine whether any of Applicant's state postconviction motions tolled the one-year limitation period.  Pursuant to 28 U.S.C.§ 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.  For purposes of § 2244(d), and calculating the one year time limitation, the first day to be counted is February 23, 2010, the day after Applicant's conviction and sentence became final.  *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 3003) ( holding that one-year limitation period in AEDPA should be calculated using anniversary date method).

On April 20, 2010, Applicant filed a motion for reconsideration of his sentence, which was denied on May 28, 2010.  Pre-Answer Resp., ECF No. 13-1, Ex. A at 5. Applicant then filed a Rule 35(c) postconviction motion on October 4, 2010, and a motion to dismiss on July 22, 2011, which were denied on September 2, 2011.  *Id.* at 4-5.  Applicant appealed the denial, *id.* at 4, and the CSC denied certiorari review on August 18, 2014, Pre-Answer Resp., EX. F, ECF No. 13-6.

Time for purposes of § 2244(d) was not tolled from February 23, 2010, the day after his conviction and sentence was final, until April 19, 2010, the day before he filed

his motion for reconsideration, a total of **56** days.  The next period that time is not tolled under § 2244(d), a total of **83** days, extends from July 13, 2010, the day after the time ran for Applicant to file an appeal of the denial of his motion for sentence reconsideration, *see* Colo. App. R. 4(b) (2010), until October 3, 2010, the day prior to when he filed his postconviction motion.  Finally, from August 19, 2014, the day after the CSC denied certiorari review of Applicant's appeal of his post conviction motion and motion to dismiss, until June 10, 2015, the day prior to when Applicant filed this action, a total of **296** days are not tolled.  Overall, **435** days are not tolled for the purpose of § 2244(d).  This action, therefore, is time barred.

Applicant does not allege in the Application or the Reply that there are any constitutional rights newly recognized by the Supreme Court that apply to his claims. § 2244(d)(1)(C).  Applicant also does not assert that he could not have discovered the factual predicate of his claim through the exercise of due diligence, § 2244(d)(1)D), or that the state caused inexcusable or inordinate delay in processing his claims § 2244(d)(1)(B). Accordingly, the Application is time-barred unless it is subject to equitable tolling.

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling."  *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010).  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* at 2562 (internal quotation marks and citation omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' ") (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)).  The inmate must allege

5

with specificity the steps he took to pursue his federal claims. *Yang*, 525 F.3d at 930. Finally, the inmate bears the burden of demonstrating that equitable tolling is appropriate. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

On Page Seven of the Application form, under the "Timeliness of Application" section, Applicant is asked to explain why the Application is not barred by the one-year limitation period in § 2244(d). Applicant states the "last appeal was denied May 14th, 2015-2015SA132." ECF No. 8 at 7. Also, in response to the Pre-Answer Response, Applicant attaches a copy of an order entered by the CCA on May 7, 2015, and the CSC's order dated May 14, 2015, apparently in support of his argument that his last appeal was denied on May 14, 2015, and that this action is timely. Reply, ECF No. 15 at 3-5.

A review of the CSC's May 14, 2015 Order indicates that the order addresses Applicant's challenge of the withholding of good time credits and denial of an out-of-state parole. *Id.* (The CSC decision entered in Case No. 2015SA132 on May 14, 2015, addresses the referral to the CSC by the CCA, in Case No. 2014CA1302, of the Fremont County District Court Case No. 2014CV61, which pertains to the denial of Applicant's good time credit and of a mandatory parole.) As stated above, Applicant's challenge of the withholding of good time credits and denial of parole is improperly raised in this action, because it is attacking the execution of his sentence not the validity.

Claims One and Three were not the subject of Case No. 2014CV61, and, therefore, were not referred to the CSC by the CCA for consideration. As a result, any time that Applicant's State of Colorado Civil Action No. 2014CV61 was pending in either the Fremont District Court, the CCA, or the CSC is not applied against the one-year

limitation set forth in 28 U.S.C. § 2244(d) with respect to Claims One and Three.  The only time that is tolled for purposes of § 2244(d) "is the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  See 28 U.S.C. § 2244(d)(2).  Any state proceeding and the time the proceeding is pending with respect to Claim Two does not toll the time under § 2244(d).  Claims One and Three, therefore, will be dismissed as untimely under § 2244(d).

Because the action clearly is time-barred, the Court need not address Respondents' argument that Applicant's claims are procedurally defaulted.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed as time-barred under 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling.  See *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  It is

8

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  26th  day of   August  , 2015.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court